IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEONTA LOWE, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Case No. 5:21-cr-032-TES-CHW-1 |
| : | Case No. 5:23-cv-032-TES-CHW |
| UNITED STATES OF AMERICA, : | 28 U.S.C. § 2255 |
| : | |
| Respondent. : | |
| : | |

### REPORT AND RECOMMENDATION

Before the Court is Petitioner Deonta Lowe's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 131). For the following reasons, it is **RECOMMENDED** that the motion (Doc. 131) be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

### BACKGROUND

On June 9, 2021, Petitioner was indicted on one count of Distribution of Methamphetamine. (Doc. 1). On December 15, 2021, Petitioner was charged in a superseding indictment on one count of Distribution of Methamphetamine, one count of Possession with Intent to Distribute Methamphetamine, and one count of Possession of a Firearm by a Convicted Felon. (Doc. 32). On February 9, 2022, Petitioner was charged in a second superseding indictment with one count of Distribution of Methamphetamine, one count of Possession with Intent to Distribute Methamphetamine, one count of Possession of a Firearm by a Convicted Felon, two counts of Possession of Ammunition by a Convicted Felon, one count of Conspiracy to Obstruct Justice, and eight counts of Obstruction of Justice by Tampering with a Witness. (Doc. 51).

1

With the assistance of counsel, Petitioner pleaded guilty to one count of Possession of a Firearm by a Convicted Felon under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docs. 96, 103). The plea agreement explained that this count carried a maximum term of ten years, a maximum fine of $250,000.00, and a maximum term of supervised release of three years. (Doc. 103, pp. 2–3). As part of the plea agreement, Petitioner waived his right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255, except for such collateral attacks based on a claim of ineffective assistance of counsel. (*Id.*, p. 4). Petitioner initialed each page of his plea agreement and signed it on the final page beneath an acknowledgement that he had discussed the agreement with his attorney, fully understood the agreement, and agreed to its terms. (Doc. 103).

Although he faced a maximum prison sentence of 10 years or 120 months, the presentence investigation report (PSR) indicated that Petitioner's sentencing guideline range was 324 to 405 months based upon a total offense level of 36 and a criminal history category of VI. (Doc. 108, ¶ 117). Although the base offense level was 30, Petitioner received a two-level enhancement for possessing a firearm in connection with the offense, a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, and a two-level enhancement for obstruction of justice. (*Id.*, ¶¶ 35–44). However, because the statutorily authorized maximum sentence was less than the minimum applicable guideline range, Petitioner's guideline sentence was 120 months—the statutorily authorized maximum sentence. (*Id.*, ¶117). Petitioner filed an objection to the PSR which, if granted, would have lowered the sentencing guideline range to 70 to 87 months. (Doc. 106).

At sentencing, the Court asked Petitioner if he had reviewed the PSR, and he responded yes. (Doc. 128, p. 2). The Court then heard Petitioner's objection to the PSR and overruled the objection. (*Id.*, pp. 3–6). The Government requested that the Court sentence Petitioner to the

maximum statutory sentence of 120 months. (*Id.*, p. 8). Counsel for Petitioner then presented Petitioner's mother and grandfather who testified on behalf of Petitioner. (*Id.*, pp. 10–14). The Court determined that, based on Petitioner's total offense level and criminal history category, the advisory guideline sentence was 120 months. (*Id.*, p. 16). The Court sentenced Petitioner to 120 months. (*Id.*). Judgment was entered on September 9, 2022. (Doc. 115).

Petitioner timely filed a notice of appeal on September 20, 2022. (Doc. 118). On January 17, 2023, Petitioner, *pro se*, filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 131). Upon request of the Government to stay Petitioner's Section 2255 action (Doc. 134), the Court ordered a stay on Petitioner's Section 2255 action until Petitioner's pending appeal concluded. (Doc. 135).

In his brief to the Court of Appeals for the Eleventh Circuit, Petitioner argued that his conviction should be vacated in light of the Supreme Court of the United States's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). Brief for Appellant at 18, *United States v. Lowe*, No. 22-13251, 2023 WL 2495149, at *9 (11th Cir. Mar. 7, 2023). On August 5, 2024, the Eleventh Circuit affirmed Petitioner's sentence, holding that: (1) Petitioner's constitutional challenge was foreclosed; and (2) Petitioner abandoned any "as-applied challenge" by not raising that argument in his initial brief. (Doc. 137); *see United States v. Lowe*, No. 22-13251, 2024 WL 3649527, at *2–3 (11th Cir. Aug. 5, 2024), cert. denied, 145 S. Ct. 1344 (2025). On October 24, 2024, the Court lifted its stay of Petitioner's Section 2255 proceedings (Doc. 139). The Government timely responded on December 20, 2024, to Petitioner's Section 2255 motion, arguing that the Court should deny each ground of Petitioner's motion. (Doc. 141). As discussed below, Petitioner's Section 2255 motion should be denied.

## DISCUSSION

Petitioner bears the burden of proving that he is entitled to relief under 28 U.S.C. § 2255. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015). Petitioner, proceeding *pro se*, argues that his sentence should be vacated, set aside, or corrected pursuant to Section 2255 because: (1) he had ineffective assistance of counsel; and (2) 18 U.S.C. § 922(g)(1) is unconstitutional under *Bruen*. (Doc. 131, pp. 4–5). As explained below, each of these arguments fails.

As an initial matter, Petitioner's argument that § 922(g)(1) is unconstitutional is procedurally barred by the Eleventh Circuit's decision in Petitioner's direct appeal of his conviction. *See, e.g.*, *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (explaining that "[i]t is long settled that a prisoner is procedurally barred from raising arguments in a . . . § 2255 [motion] that he already raised and that [the Eleventh Circuit] rejected in his direct appeal"). Petitioner argued to the Eleventh Circuit that his conviction should be vacated because § 922(g)(1) is unconstitutional, and the Eleventh Circuit disposed of any such argument. *Lowe*, 2024 WL 3649527, at *2–3. As such, Petitioner is procedurally barred from arguing such here.

To prevail on a claim of ineffective assistance of counsel, Petitioner must establish by a preponderance of the evidence that (1) his attorney's performance was deficient, and (2) he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Chandler v. United States*, 218 F.3d 1305, 1312–13 (11th Cir. 2000). Petitioner must prove that his counsel's performance "was unreasonable under prevailing professional norms and that the challenged action was not sound strategy" to establish deficient performance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 384 (1986) (citing *Strickland*, 466 U.S. 688–89). To show that counsel's performance was unreasonable, Petitioner must establish that no competent counsel would have taken the action in question. *Van Poyck v. Fla. Dep't of Corrs.*, 290 F.3d 1318, 1322

4

(11th Cir. 2002) (per curiam); *Chandler*, 218 F.3d at 1315. There is a strong presumption that the challenged action constituted sound trial strategy. *Chateloin v. Singletary*, 89 F.3d 749, 752 (11th Cir. 1996). As for prejudice, Petitioner must show there is a reasonable probability that, but for counsel's inadequate representation, "the result of the proceeding would have been different." *Meeks v. Moore*, 216 F.3d 951, 960 (11th Cir. 2000) (quoting *Strickland*, 466 U.S. at 694). If Petitioner fails to establish that he was prejudiced by the alleged ineffective assistance, a court need not address the performance prong of the Strickland test. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

In this case, Petitioner has failed to show that his counsel was deficient in not arguing that 18 U.S.C. § 922(g)(1) was unconstitutional in light of *Bruen*.[1] In *United States v. Rozier*, the Eleventh Circuit held that § 922(g)(1) does not violate the Second Amendment. 598 F.3d 768, 770 (11th Cir. 2010). Following the Supreme Court's decision in *Bruen*, the Eleventh Circuit considered the constitutionality of § 922(g)(1) and clarified that *Bruen* did not abrogate *Rozier*. *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (*Dubois I*) cert. granted, judgment vacated sub nom. *Dubois v. United States*, 145 S. Ct. 1041 (2025), and reinstated by 139 F.4th 887 (11th Cir. 2025) (*Dubois II*). Following *Bruen*, the Supreme Court in *United States v. Rahimi* affirmed the constitutionality of 18 U.S.C. § 922(g)(8). 602 U.S. 680 (2024). As the Eleventh Circuit explained in affirming Petitioner's conviction in this case,

> [i]n *Rahimi*, the Supreme Court upheld 18 U.S.C. § 922(g)(8), which prohibits the possession of a firearm by a person subject to a restraining order that includes such a finding that such a person represents a credible threat to the physical safety of

---

[1] The Court notes that due to Petitioner's filing of this Section 2255 motion prior to the filing of his Appellant's brief to the Eleventh Circuit in his direct appeal, Petitioner seemingly argues that it was his trial counsel who was ineffective for failing to argue prior to Petitioner's sentencing that § 922(g)(1) was unconstitutional.

5

such intimate partner or child, because surety and going armed laws of the 18th century similarly restrict[ed] gun use to mitigate demonstrated threats of physical violence. Nothing in *Rahimi*—which upheld a limitation on possession of firearms—squarely abrogates our precedent in *Rozier* and *Dubois*.

(Doc. 137, pp. 5–6); *see Dubois II*, 139 F.4th at 888–89 ("[W]e conclude that *Rahimi*—like [*Bruen*]—did not abrogate our holding in *Rozier* that section 922(g)(1) is constitutional under the Second Amendment.").

Because this Circuit's precedent clearly establishes that § 922(g)(1) is constitutional, Petitioner's counsel was not deficient in not arguing what would have been a meritless claim. *See, e.g., Freeman v. Atty. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim . . . ."). Although the Court need to address the prejudice prong because Petitioner failed in showing deficient performance, Petitioner likewise would not have been successful. Therefore, there is no basis to find that Petitioner's counsel was ineffective for failing to challenge his conviction under § 922(g)(1).

## EVIDENTIARY HEARING

No evidentiary hearing is needed to resolve Petitioner's Section 2255 motion. Petitioner has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984) (citation omitted). As discussed above, "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Rosin v. United States*, 786 F.3d 873, 877–78 (11th Cir. 2015) ("[A]n evidentiary hearing is unnecessary when the petitioner's allegations are affirmatively

contradicted by the record.") (internal quotations and citations omitted). Therefore, no evidentiary hearing is necessary.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

If a court denies a collateral motion on the merits, this standard requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies a collateral motion on procedural grounds, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Petitioner cannot meet either of these standards and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reason discussed herein, it is **RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 131) be **DENIED**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED**.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. Any objection is limited in length to TWENTY (20) PAGES. See M.D. Ga. L.R. 7.4. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 20th day of August, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge